The IGUANA COMPANY LIMITED
PARTNERSHIP

v.

The BALTIMORE CENTER FOR the
PERFORMING ARTS, INC.

Civ. No. S 86-2457.

United States District Court,
D. Maryland.

Jan. 27, 1987.

*ed States v. Tonelli,* 577 F.2d 194, 200 (3rd Cir.1978).

Stephen F. White, James D. Skeen, Wright, Constable & Skeen, Baltimore, Md., for plaintiff.

James P. Gillece, Jr., Piper & Marbury, Baltimore, Md., for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This is a diversity breach of contract case, in which the plaintiff, producer of a road show production of Tennessee Williams' play *The Night of the Iguana,* demanded judgment for $12,000, plus interests and costs, in the *ad damnum* clause of his complaint. The substantive com-

plaint paragraphs relevant to damages read as follows:

5. The contract and rider provided for the division of the Box Office receipts between the plaintiff and the defendant.

6. Baltimore Center breached the contract by withholding $10,000 of the Box Office receipts due to plaintiff pursuant to the contract despite repeated demands made by plaintiff for full payment.

7. By reason of Baltimore Center's breach of contract, plaintiff has sustained damages including the $10,000.00 withheld, lost interest and costs incurred to demand payment.

The defendant has moved to dismiss, for lack of subject matter jurisdiction, contending that the amount in controversy does not exceed $10,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332. The plaintiff has filed an opposition. No oral argument is needed. Local Rule 6, D.Md.

▪ In seeking dismissal for failure to satisfy the jurisdictional amount, the defendant bears the heavy burden of showing, to a legal certainty, that the plaintiff cannot recover a sum in excess of $10,000, exclusive of interest and costs. *See, e.g., Adolph Coors Co. v. Movement Against Racism,* 777 F.2d 1538, 1544 (11th Cir. 1985). Thus, such dismissals are fairly rare. This, however, is one of the rare cases in which dismissal for failure to satisfy the jurisdictional amount is warranted.

▪ The amount allegedly withheld from payment by defendant is exactly $10,-000.00. This is not a sum "in excess of" $10,000.00, as required under 28 U.S.C. § 1332. The plaintiff seeks to augment the $10,000.00 sum by claiming that expenses incurred to collect the money, apparently before litigation and perhaps after (to the extent they are not "costs" under 28 U.S.C. § 1920), such as telephone calls and travel expenses (*see* paper No. 5 (Memorandum) at p. 2), are recoverable under Maryland law * as "reliance expenses," citing, *inter*

---

* Maryland law applies to determine the scope of recoverable damages. *See, e.g., Saval v. BL*

*Limited,* 710 F.2d 1027, 1033 (4th Cir.1983).

**1350**

*alia, Dialist Company v. Pulford,* 42 Md. App. 173, 399 A.2d 1374 (1979). The Court does not so read *Dialist* or its predecessors at all.

If the contract here specifically provided for recovery of such expenses as damages on breach, the plaintiff might have a point. This contract, attached to the complaint, is silent on damages recoverable on breach. Thus, this Court is of the opinion that, under the Maryland rule barring recovery of costs and expenses of litigation in ordinary breach of contract suits, *see, e.g., Harry's Thrifty Tavern, Inc. v. Pitarra,* 224 Md. 56, 63, 166 A.2d 908, 912 (1961), the claimed expenses of collection would simply be treated the same as unrecoverable litigation expenses. Through possibly incurred before suit was actually filed, they were natural precursors of the actual litigation and should not be treated differently from, *e.g.,* attorney's fees incurred before suit was actually filed, which would clearly be unrecoverable under Maryland law, in the absence of a special contract provision including them as recoverable damages on breach. *See also, Freedman v. Seidler,* 233 Md. 39, 47, 194 A.2d 778 (1963).

Of course, because in this case, given the nature of the contract, any interest claim is not an integral part of plaintiff's damages, it is not considered at all in calculating the amount in controversy. *See* 14A C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3712 (1985) at 179–83.

For the reasons stated, an order will be entered separately, dismissing the plaintiff's complaint for lack of subject matter jurisdiction.