DAVID A. COGGINS & others[1] vs. NEW ENGLAND
PATRIOTS FOOTBALL CLUB, INC., & others.[2]

Middlesex. November 6, 1989. - February 15, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Practice, Civil,* Attorney's fees, Class action. *Corporation,* Stockholder de-
rivative suit.

The judge in a civil action in which the plaintiff class asserted that they
were wrongfully frozen out in a corporate merger properly ordered at-
torneys' fees and expenses to be paid from the settlement fund agreed
to by the parties; inasmuch as the plaintiffs had not prevailed on their
derivative claim on behalf of the corporation, they were not entitled to
an assessment of fees and expenses against the defendants. [669-672]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 16, 1977.

After review by this court, 397 Mass. 525 (1986), further
proceedings were had before *Hiller B. Zobel,* J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Edward P. Leibensperger (David R. Schmahmann* with
him) for the plaintiffs.

*Steven W. Phillips (Bruce R. Parker* with him) for the
defendants.

ABRAMS, J. Following our opinion in *Coggins* v. *New Eng-
land Patriots Football Club, Inc.,* 397 Mass. 525 (1986)
(*Coggins I*), the parties executed a stipulation of settlement.
The settlement required the plaintiffs to dismiss their claims

---

[1] Coggins brings this class action on behalf of himself and certain other
stockholders of the predecessor corporation of the present New England
Patriots Football Club, Inc.

[2] Charles W. Sullivan, Mary H. Sullivan, and William H. Sullivan, Jr.

in exchange for $584,000. The money was placed in an interest-bearing account for the benefit of the plaintiffs to be held by Coggins's counsel.[3]

Thereafter, the plaintiffs filed a motion for fees and costs to be assessed against the defendants, as a matter of law, claiming as grounds that "[p]laintiffs derivative count for waste of corporate assets brought against the individual defendants was reinstated. *Coggins* at 540. . . . Well-established Massachusetts law supports the assessment of plaintiff shareholders' attorneys' fees and expenses against the defendants in a successful derivative action."

After hearing, the judge denied the plaintiffs' application for fees and expenses to be assessed against the defendants. The Superior Court judge concluded that "[a] fair reading of [*Coggins I*] leaves this Court with the firm and definite conclusion that the higher court ordered the derivative claim 'reinstated,' [397 Mass.] at 540, solely to permit a reconstructive calculation of the rescissory damages, and not as a calculation of corporate damages."[4] The judge approved the

---

[3]Throughout this opinion, the terms "Coggins class," "plaintiff class," and "plaintiffs" are used interchangeably.

[4]In *Coggins I*, we said that, although "the normally appropriate remedy for an impermissible freeze-out merger is rescission," in the circumstances of this case, rescission would be inequitable and the plaintiffs' remedy should be an assessment of damages. *Id.* at 535-536. We continued by stating that "[w]e do not think it appropriate, however, to award damages based on a 1976 appraisal value . . . . Rescissory damages must be determined based on the present value of the Patriots, that is, what the stockholders would have if the merger were rescinded . . . . Each share of the Coggins class is to receive, as rescissory damages, its aliquot share of the present assets." *Id.* at 536-537. We concluded by noting that "[t]he trial judge dismissed the plaintiffs' [derivative] claims against the individual defendants based on waste of corporate assets. The remedy we order is intended to give the plaintiffs what they would have if the merger were undone and the corporation were put back together again . . . . We reverse the dismissal of the [derivative] claim for waste of corporate assets and remand this question to the trial court. The present value of the Patriots, as determined on remand, should include the amount wrongfully removed or diverted from the corporate coffers by the individual defendants." *Id.* at 537. "[W]e remand[ed] for a determination of the present value of the nonvoting stock, as though the merger were rescinded. The claim for waste of corporate assets . . . is reinstated." *Id.* at 540.

settlement of the class action and ordered the defendants to pay $584,000 into the settlement fund. The judge dismissed all claims on the merits and with prejudice, except the plaintiffs' claim for payment by the defendants of attorneys' fees and expenses, which remained open for further determination.

The plaintiffs' counsel then filed a petition for an award of attorneys' fees and expenses totalling $380,000 to be paid from the class recovery of $584,000. Counsel reserved their right to petition for the full value of their fees and expenses, asserted to be $816,500, if the order denying an award from the defendants were reversed on appeal. After another hearing, the judge issued an order awarding the plaintiffs' counsel $220,550 for fees and expenses and ordering the remaining amount of the settlement fund, including accumulated interest, to be paid pro rata to members of the plaintiff class.

The judge entered a judgment (1) approving settlement of the class action; (2) denying the plaintiffs' application for fees and expenses to be assessed against the defendants, as ordered on February 3, 1987; and (3) ordering disbursement of the settlement fund. The plaintiffs appealed from the judgment. We granted the plaintiffs' application for direct appellate review. On appeal, the plaintiffs argue that it was error to deny their application for the assessment of fees and expenses against the defendants[5] because they prevailed on a derivative claim. We conclude there is no error in the judge's ruling.

---

[5]The plaintiffs also argue that, "[i]f this court orders the defendants to reimburse [the] plaintiffs for their attorneys' fees and expenses . . . it would be appropriate for the [c]ourt similarly to review several [alleged] errors of law made by the trial judge in ruling on [the] plaintiffs' application for attorneys' fees." Specifically, the plaintiffs claim error in the judge's refusal to apply current hourly rates for hours worked in the past; his disallowance of separate charges for work performed by summer associates and paralegals; and his exclusion of charges for computer-assisted legal research and word processing. Because we do not order the defendants to pay the plaintiffs' counsel fees and expenses, we do not reach this question.

Attorneys' fees may be awarded, in the judge's discretion, to a party who has successfully brought a derivative action on behalf of a corporation, see *Dynan* v. *Fritz*, 400 Mass. 230, 249 (1987); *Wilson* v. *Jennings*, 344 Mass. 608, 621 (1962); *Shaw* v. *Harding*, 306 Mass. 441, 450 (1940); *Sagalyn* v. *Meekins, Packard & Wheat Inc.*, 290 Mass. 434, 440 (1935), but, "no recovery may be had for counsel fees in the very action to redress a plaintiff's wrong," *Donaldson* v. *Boston Herald-Traveler Corp.*, 347 Mass. 274, 280 (1964).

Where a party "has, at his or her own expense, been successful in creating, preserving or enlarging a fund in which other parties have a rightful share," a court may order the payment of attorneys' fees and expenses out of the fund as part of a damages award. *Pearson* v. *Board of Health of Chicopee*, 402 Mass. 797, 801 n.3 (1988). See *Bournewood Hosp., Inc.* v. *Massachusetts Comm'n Against Discrimination*, 371 Mass. 303, 308-313 (1976); *Commissioner of Ins.* v. *Massachusetts Accident Co.*, 318 Mass. 238, 242 (1945). Such "an allowance is discretionary and not a matter of strict right." *Id.* at 243. We conclude that there was no error in the judge's exercise of his discretion in ordering payment of the plaintiffs' attorneys' fees and expenses out of the settlement fund, the only fund actually existing in this case.[6]

The plaintiffs claim that the judge erred by not making such an award from a much larger, albeit fictional and nonexistent, "common fund." They assert that "[a]s a result of this Court's reinstatement of the plaintiffs' derivative count and ruling [in *Coggins I*] awarding damages as if rescission had occurred, a recovery for the corporation became inevitable"; that they prevailed on the derivative count and thus are

---

[6]The settlement fund was ordered disbursed as follows:

| | |
|---|---|
| Members of the plaintiff class, pro rata: | $363,450.00 |
| (amounts to $158.64 per share of stock) | |
| Nutter, McClennen & Fish for counsel fees: | 191,280.00 |
| Glass & Brooks for counsel fees: | 8,720.00 |
| Nutter, McClennen & Fish for allowed expenses: | 20,550.00 |
| | $584,000.00 |

Accumulated interest was ordered to be paid to the members of the plaintiff class, pro rata.

entitled to an award of fees and expenses from the defendants; and that "[t]he award . . . should be assessed against the fund which would have been recovered by the corporation had rescission actually occurred."[7]

The plaintiffs repeatedly characterize the result in *Coggins I* as a "successful" derivative action and claim that they have "prevailed" on their derivative count. This argument assumes the very issue that is the subject of the instant dispute — whether *Coggins I* reinstated the derivative count as a "live" issue or reinstated it for the limited purpose of calculating rescissory damages to be awarded to the plaintiffs as the prevailing parties of their class action claim.

The plaintiffs did *not* bring a successful derivative action, but were granted recovery based on their personal class action and awarded damages directly. Cf. *Sugarman* v. *Sugarman*, 797 F.2d 3, 15 (1st Cir. 1986). The derivative count was reinstated only to determine the amount of the class recovery. Reinstatement of the derivative claim and the award of rescissory damages "as if rescission had occurred" does not automatically result in an "inevitable" derivative recovery by the corporation.

The complaint in *Coggins I* further supports the judge's ruling. The complaint contained two counts. Count one was a class action alleging that the individual defendants caused the merger, which in turn constituted a breach of the fiduciary duty they owed to Coggins and the Coggins class. Count two was a derivative action alleging waste of corporate assets. By way of remedy, the complaint requested (1) that the merger be rescinded; (2) that the individual defendants be ordered to account to the corporation for all of the wasted assets described in the derivative claim; and (3) that the defendants be ordered to pay the plaintiffs' attorneys' fees and expenses. The analysis in *Coggins I* is directed exclusively at the allegations contained in the class action claim and at the

---

[7]The plaintiffs define this fictional "common fund" as "funds wrongfully removed from the Patriots and specifically ordered quantified in any damages trial, even if never actually paid to the corporation."

proper method for determining the class's remedy. The language in *Coggins I*, see note 4, *supra*, suggests that we reversed the dismissal of the derivative count not for the purpose of ordering a derivative recovery to the corporation, but for the limited purpose of calculating the present value of the Patriots in order to determine the aliquot share of the present assets due each share of stock held by members of the Coggins class as rescissory damages for prevailing in their class action. Nothing in *Coggins I* addressed the allegations in the derivative claim[8] or ordered the individual defendants to make an accounting to the corporation.

At trial, the Superior Court judge found for the plaintiffs on the class action claim. In determining the remedy, he ordered rescissory damages and dismissed the derivative claim, concluding that "[s]ince the Old Patriots will not be resuscitated, there is no occasion to further consider the [derivative] claim . . . . Since that claim attacks various expenses incurred in connection with the merger, and since the merger expenses are for the purpose of an appraisal of the stock for the calculation of rescissory damages, not chargeable against the net assets of the corporation, those expenses will not in any way diminish the plaintiffs' recovery." A second Superior Court judge concluded that the derivative claim was dismissed in the context of ordering rescissory damages to the plaintiffs as the prevailing parties on their class action claim. Consistent with that conclusion, he determined that the derivative claim was "reinstated" for the same limited purpose of determining the *class* recovery.

The plaintiffs also argue that "[t]he fact that the corporation did not obtain an identifiable monetary recovery as a

---

[8]The derivative claim alleged that the individual defendants violated provisions in the articles of organization or charter restricting the transfer of stock; wasted corporate assets causing the enactment of St. 1976, c. 327; caused the corporation to expend considerable sums of money in connection with the proxy solicitation; wasted corporate assets in causing the merger; and converted a valuable asset belonging to the Old Patriots by allowing the New Patriots to use the corporate name "New England Patriots Football Club, Inc."

result of the passage of time is inconsequential because this court [in *Coggins I*] unambiguously stated that such passage of time should be ignored in assessing rescissory damages." Even if *Coggins I* did reinstate the derivative count as a live issue, we cannot say that the judge abused his discretion in declining to award fees from the hypothetical, nonexistent "common fund" that the plaintiffs "identify." The judge's decision was in accordance with the law of this Commonwealth. Attorneys' fees and costs "ought to be payable only out of the proceeds of the suit received by the corporation [from the defendant] . . . . [I]f no funds [are] due to the corporation, no allowance should be made for fees or disbursements of counsel." *Shaw*, *supra* at 450-451.

*Judgment affirmed.*