942 F.2d 84
 DEPARTMENT OF RECREATION AND SPORTS OF PUERTO RICO, et al.,
Plaintiffs, Appellants,
v.
WORLD BOXING ASSOCIATION, et al., Defendants, Appellees.
Julio GERVACIO LIND, et al., Plaintiffs, Appellees,
v.
WORLD BOXING ASSOCIATION, et al.,
Julio GERVACIO, et al., Defendants, Appellants.
Julio GERVACIO LIND, et al., Plaintiffs, Appellants,
v.
WORLD BOXING ASSOCIATION, et al., Defendants, Appellees.
 Nos. 90-2166 to 90-2168.
 United States Court of Appeals,
First Circuit.
 Heard May 9, 1991.
Decided Aug. 21, 1991.
 
 Anabelle Rodriguez, Asst. Sol. Gen., with whom Jorge E. Perez Diaz, Sol. Gen., Guaynabo, P.R., was on brief for Dept. of Recreation and Sports of Puerto Rico and the Puerto Rico Boxing Com'n.
 James J. Binns, with whom Conrad O'Brien Gellman DeStefano & Rohn, P.C., Philadelphia, Pa., Morris M. Goldings, and Mahoney, Hawkes & Goldings, Boston, Mass., were on brief, for The World Boxing Ass'n., F. Gilberto Mendoza and James J. Binns.
 Before CAMPBELL and SELYA, Circuit Judges, and COFFIN, Senior Circuit Judge.
 COFFIN, Senior Circuit Judge.
 
 
 1
 The instant appeal arises from the district court's grant of summary judgment to the World Boxing Association ("WBA") on the consolidated diversity claims of a boxer, Julio Gervacio Lind, and his managers and promoter ("Gervacio" or "the Gervacio plaintiffs") and the Puerto Rico Professional Boxing Commission and the Department of Recreation and Sports of Puerto Rico (collectively, "the Commission"). Both sets of plaintiffs sought relief from the WBA's refusal to strip Bernardo Pinango of the world junior featherweight championship title because of drug use, a refusal that the plaintiffs alleged violated WBA rules and regulations. The district court granted summary judgment on the ground that the plaintiffs had failed to exhaust their internal remedies. We affirm the grant of summary judgment as to the Gervacio plaintiffs, but vacate as to the Commission and remand that action with instructions to dismiss the complaint for want of jurisdiction.
 
 I. Background
 
 2
 The Department of Recreation and Sports is the department of government of Puerto Rico charged with regulating and promoting sports within the Commonwealth. The Puerto Rico Professional Boxing Commission is an entity created by the Department with responsibility for supervising professional boxing. The Commission is a member of the WBA with authority to enforce WBA rules as well as its own in prize fights held in Puerto Rico.
 
 
 3
 In February 1988, a WBA-sanctioned world championship match between then world champion Gervacio and challenger Pinango was held in San Juan, Puerto Rico. Following a referee decision for Pinango, two urine samples were taken from each of the contestants, in accordance with WBA rules. Each was signed by a physician and a representative of the boxer. The results of Pinango's first urinalysis showed traces of cocaine metabolites.
 
 
 4
 Upon receipt of the results, the Commission sent a letter to the president of the WBA, defendant Francisco Gilberto Mendoza, informing him of the laboratory findings and urging the WBA to disqualify Pinango. Mendoza launched an investigation that led to some questions about the taking, custody and testing of the urine samples. The Commission thereafter sent the second sample for analysis without informing Pinango of his right under WBA rules to have the second sample tested in his presence.
 
 
 5
 Mendoza invited the parties to attend the WBA executive committee meeting in Madrid on March 25-26, 1988. The Commission attended the meeting; the Gervacio plaintiffs did not. The WBA adopted an interim decision making drug tests mandatory and requiring Pinango to defend his crown against Gervacio within 120 days. It refused, however, to strip Pinango of the title, ostensibly because of the procedural imperfections in the urine sampling.
 
 
 6
 Both sets of plaintiffs filed suit challenging the fairness of the hearing they received in Madrid. They alleged that Mendoza informed them prior to the meeting that his mind already was made up. They also claimed that two of their important witnesses were not allowed to testify. Thus, they asserted that the hearing was a sham and that the WBA violated its own requirement that a boxer found to use drugs be disqualified.[1]
 
 
 7
 The district court held that the plaintiffs had not exhausted the internal grievance procedures of the WBA and therefore were not entitled to judicial review of the procedural fairness of the hearing afforded them.[2] We shall address the claims of the two sets of plaintiffs separately.
 
 II. The Gervacio Plaintiffs
 
 8
 On appeal, the Gervacio plaintiffs have not filed a separate brief or appeared for argument and have indicated their intent to rely on the arguments raised by the Commission. Neither the Commission nor the WBA has objected to the standard the district court applied in reviewing the procedural fairness of the actions of a voluntary organization. Under that undisputed standard, the complaining party must have exhausted the internal remedies afforded by the organization or show that it would have been futile to do so. See, e.g., Watkins v. Clark, 85 Misc.2d 727, 380 N.Y.S.2d 604, 608 (1976). See also Opinion and Order at 8-9.
 
 
 9
 The WBA provides two separate procedures for challenging the outcome of a fight. See World Championships Regulation 23, Appendix at 186; WBA By-Law 6, Appendix at 202-203. Gervacio admitted that he never attempted to invoke the remedies available to him under the rules and bylaws of the WBA. Based on this admission, the district court ruled that Gervacio had failed to exhaust his remedies.
 
 
 10
 In light of the undisputed facts, this decision clearly was correct. Moreover, the Gervacio plaintiffs have failed to contest the ruling on appeal or to present any reason for their failure to exhaust internal remedies. Even if, as the Commission contends on appeal, a letter it directed to the president of the WBA fulfilled its obligation to exhaust, this possible preservation of the Commission's rights is of no help to the Gervacio plaintiffs. It is undisputed on the record that the Commission did not, and indeed could not, represent any individual boxer. Consequently, we affirm the district court's grant of summary judgment to the defendants based on the Gervacio plaintiffs' failure to exhaust internal WBA remedies.
 
 III. The Commission
 
 11
 The WBA argued to the magistrate and the district court two possible bases for disposing of the Commission's complaint. It argued that the complaint should be dismissed for want of subject matter jurisdiction. In the alternative, it argued that it was entitled to summary judgment because the Commission failed to exhaust internal remedies.
 
 
 12
 The magistrate recommended that the district court dismiss the Commission's complaint because it failed to indicate an adequate amount in controversy to create federal jurisdiction.[3] The district court, however, did not decide the question of its jurisdiction, holding that, in any event, the Commission had not exhausted its internal remedies. Because we believe that the court's jurisdiction was not properly pleaded, we decline to address the merits of the exhaustion claim.[4]
 
 
 13
 The Commission invoked jurisdiction under 28 U.S.C. § 1332, for diversity of citizenship.[5] The complaint makes a general allegation that the amount in controversy exceeds the $10,000 requirement, independent of costs and interest. See Complaint at p 8. And paragraph fifteen of the complaint also asserts that "due to defendant's concerted and misguided efforts to thwart application of WBA regulations, plaintiff has expended public funds in excess of $10,000." But the complaint is devoid of any specific allegations supporting an amount in controversy in excess of $10,000.
 
 
 14
 Unless challenged by the opposing party or the court, a plaintiff's general allegation that the dispute exceeds the jurisdictional minimum is sufficient to support jurisdiction. Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 729, 83 L.Ed. 1111 (1939). Once challenged, however, the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount. Id.; St. Paul Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 & n. 10, 58 S.Ct. 586, 590 & n. 10, 82 L.Ed. 845 (1938); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). A party may meet this burden by amending the pleadings or by submitting affidavits. See Diefenthal v. Civil Aeronautics Bd., 681 F.2d 1039, 1052 (5th Cir.1982).
 
 
 15
 The WBA challenged the amount in controversy and propounded interrogatories concerning the basis for the Commission's claim that the value of the suit exceeded $10,000. The Commission's reply was vague. After the WBA demanded that it supplement its answer, the department responded that the funds in issue were
 
 
 16
 $8,412.00 in airline tickets for plaintiff's representatives to the meeting wherein the matter now under litigation was supposed to have been resolved. $552.03 for lodging and miscellaneous expenses. $11,900.00 for the handwriting expert retained to demonstrate to the now defendants the authenticity of the signature on the original urine sample containers.
 
 
 17
 Appendix at 300-301.
 
 
 18
 In an action for declaratory judgment, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48, 97 S.Ct. 2434, 2443-44, 53 L.Ed.2d 383 (1977). See also McNutt, 298 U.S. at 181, 56 S.Ct. at 781 (if the object of litigation is to be free of certain regulation, amount in controversy is the loss that would follow the enforcement of that regulation). In its complaint, the Commission sought a declaratory judgment under 28 U.S.C. § 2201 requiring the WBA "to enforce its own World Championship Regulations and Safety Code thereby disqualifying defendant Pinango as champion of the WBA Junior Featherweight division and permanently bar him from boxing in WBA sanctioned fights." The Commission has not attempted to place a monetary value on its claim--either in terms of the value to the Commission of such an order or the costs that would be incurred by the WBA in implementing the action. See 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3703 (2d ed. 1985) (questioning whether it is the value of the right to the plaintiff or the cost of remedying the injury to the defendant that controls).
 
 
 19
 The amounts actually mentioned in the record--for airfares and hotel bills and for the services of a handwriting expert--have nothing to do with the value of the right the Commission is seeking to vindicate in this lawsuit. They were costs incurred in bringing this matter to the attention of the WBA. It is true that the Commission made claims in its affidavits and depositions that some of these costs were induced by the WBA's bad faith. For example, the Commission claimed that the WBA knew which of Pinango's assistants had signed the urine sample, but led the Commission to believe that the signature was disputed, forcing the Commission to hire a handwriting expert. Similarly, the Commission claimed that the airfare and hotel costs for attending the Madrid meeting were induced in pursuit of a sham procedural remedy.[6] But the Commission is not suing for damages caused by fraud. It has brought a declaratory judgment action and, as the Supreme Court has indicated, the value of such a suit must turn on the value of the right the Commission seeks to vindicate. Hunt, 432 U.S. at 347-48, 97 S.Ct. at 2443-44. Furthermore, the costs incurred in resolving a dispute generally are not recoverable. See 28 U.S.C. § 1332 (amount must be over $10,000, "exclusive of interest and costs"); Iguana Co. Ltd. Partnership v. Baltimore Center for Performing Arts, 651 F.Supp. 1348, 1350 (D.Md.1987) (costs incurred prior to litigation also not recoverable).
 
 
 20
 On appeal, the Commission suggests that it requested attorney's fees in its complaint and that, because recovery of attorney's fees is authorized under Puerto Rico law, those fees constitute part of the amount in controversy in this action. As a general matter, attorney's fees do not constitute part of the matter in controversy because the successful party typically does not collect his attorney's fees. Velez v. Crown Life Ins. Co., 599 F.2d 471, 474 (1st Cir.1979) (citations and footnote omitted). We have noted, however, two exceptions to this rule: "one, where the fees are provided for by contract, and, two, where a statute mandates or allows the payment of such fees." Id.
 
 
 21
 In this case, despite the fact that the amount in controversy was a critical issue before the court and that the magistrate recommended the action be dismissed for want of jurisdiction, the Commission never averred in its complaint or elsewhere that it was entitled to attorney's fees under Commonwealth law. And it never mentioned that those fees constituted part of the amount in controversy, either in its statement of disputed facts responding to the motion for summary judgment, or in its affidavits or depositions. Cf. Velez, 599 F.2d at 473 (complaint asserted the statutory grounds for receipt of attorney's fees and the amended complaint sought an actual amount of $2,000). In the vaguest terms, the secretary of the Department of Recreation and Sports, Leonardo Gonzalez, testified at his deposition that the amount at issue in the dispute included the costs of resolving the matter in court rather than in the WBA. See Appendix at 668. As we have noted, however, costs explicitly are excluded from consideration by the statute. See 28 U.S.C. § 1332. And because attorney's fees generally are not recoverable, the party claiming a right to federal jurisdiction in some manner must demonstrate entitlement under contract or statute to the recovery of such fees. See Clark v. National Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir.1975). Therefore, "[b]ecause there is no 'duty [on the part] of the trial court or the appellate court to create a claim which appellant has not spelled out in his pleading,' and because appellant's complaint does not contain 'a short and plain statement of the [statutory penalty] claim showing that the pleader is entitled to relief,' the amount in controversy, despite the ad damnum clause, of the complaint, does not exceed $10,000." Id. (citations omitted). See also Sarnoff v. American Home Products Corp., 798 F.2d 1075, 1078 (7th Cir.1986); Cordero, Miranda & Pinto v. Winn, 721 F.Supp. 1496, 1497 (D.P.R.1989).
 
 
 22
 In its reply brief to this court, the Commission for the first time invoked the rule under which it claims to be entitled to recover attorney's fees. See P.R.R.Civ.P. 44.1(d) ("In the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such a person the payment of a sum for attorney's fees which the court decides corresponds to such conduct."). Although 28 U.S.C. § 1653 allows defective allegations of jurisdiction to be corrected on appeal, see Eisler v. Stritzler, 535 F.2d 148, 152 n. 3 (1st Cir.1976), the problem here goes beyond simple citation to the statute. The Commission never contended in its complaint, proofs or brief on appeal that its situation fell within the meaning of the rule, that is, that the WBA had acted obstinately. See Clark, 518 F.2d at 1169. See also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989) (Section 1653 "allows appellate courts to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."); Sarnoff, 798 F.2d at 1079. And the Commission never linked any claim of obstinacy to a specific dollar value, as required by the rule. P.R.R.Civ.P. 44.1(d) (court shall impose sum for attorney's fees which corresponds to the seriousness of the obstinacy or frivolous conduct). Since not all attorney's fees, but only those reasonably linked to obstinacy, are recoverable, the Commission never provided any factual basis that would support an award of such fees in this case.
 
 
 23
 In addition, while attorney's fees may, if authorized by law, constitute part of the amount in controversy, they may only do so to the extent reasonable. See 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3712, at 176-77 (2d ed. 1985) (citing cases); Sarnoff, 798 F.2d at 1078 ("a reasonable estimate of [attorney's] fees may be included in determining whether the jurisdictional minimum is satisfied"). Because the Commission failed to include any estimate of attorney's fees on the record, there is no basis for the court to conclude that they could amount to more than $10,000. See Sarnoff, 798 F.2d at 1078 (no estimate of reasonable amount of fees to invoke jurisdiction); Blank v. Preventive Health Programs, Inc., 504 F.Supp. 416, 421 (D.C.Ga.1980) (when the applicable substantive law makes the award of attorney's fees discretionary, the plaintiff must allege a requested amount for the court to consider whether the jurisdictional amount requirement is met).
 
 
 24
 We therefore conclude that, whether or not P.R.R.Civ.P. 44.1(d) is the sort of statute or rule which comes within the Velez exception (a matter we need not reach), the Commission has not met its burden of supplying specific factual allegations to support the amount in controversy requirement. See Diefenthal, 681 F.2d at 1052; Jimenez Puig v. Avis Rent-A-Car System, 574 F.2d 37, 40 (1st Cir.1978). It nowhere appears from the record that there is any amount in controversy in this action, much less one in excess of the $10,000 threshold. The Commission therefore has failed to plead subject matter jurisdiction.
 
 IV. Conclusion
 
 25
 We affirm the district court's grant of summary judgment with respect to the Gervacio plaintiffs. We vacate the judgment with respect to the Commission and remand to the district court with instructions to dismiss the complaint for want of jurisdiction.[7] Costs to appellees.
 
 
 
 [1]
 World Championship Regulation 16 provides in relevant part:
 The use of drugs or other stimulants before, or during a championship contest, by either contestant, will be sufficient cause for disqualification of the contestant guilty of such usage.
 Appendix at 184. Rule 8.1 of the Rules and Regulations Governing World Championship Contest provides:
 The administration or use of drugs or stimulants, either before or during a match, to or by any boxer, is prohibited. Any of the contestants violating this Rule shall be subject to disqualification.
 Appendix at 190.
 
 
 [2]
 Somewhat confusingly, the court's opinion also referred to the fairness of the hearing received, and plaintiffs contend that this discussion improperly decided facts that were in dispute, findings inappropriate at summary judgment. In light of our disposition, we need not consider the fairness of the hearing
 
 
 [3]
 When the complaint was filed in June 1988, more than $10,000 was required to state the jurisdictional minimum in a diversity action. 28 U.S.C. § 1332 (amended, effective May 1989, to require more than $50,000 in controversy for federal jurisdiction)
 
 
 [4]
 We similarly do not reach the issue of the Commission's standing to enforce the actions of the WBA. See Gibbs v. Buck, 307 U.S. 66, 73, 59 S.Ct. 725, 729, 83 L.Ed. 1111 (1939) (declining to decide the issue of standing where there was an insufficient amount in controversy)
 
 
 [5]
 There is no dispute in this case that the parties are diverse
 
 
 [6]
 We observe that the Commission never disputed the WBA's evidence that the WBA offered to pay for the travel expenses of the plaintiffs to Madrid and tendered a check for those costs. The Commission returned the check after some time, indicating that the Puerto Rican government intended to pay for the trip. While we need not rely on this fact, we note that a party may not manufacture the jurisdictional amount in controversy. Bowman v. Chicago & N.W. Ry. Co., 115 U.S. 611, 614, 6 S.Ct. 192, 193, 29 L.Ed. 502 (1885). If the WBA offered to pay for the trip, the Commission may not decline that payment and then sue in federal court claiming that the amount of the payment is in dispute
 
 
 [7]
 While this court could exercise its discretion to remand this action to the district court for further development of jurisdictional facts, we decline to do so where the issue of subject matter jurisdiction has been before the district court for two years during which the Commission failed to amend its pleadings or adequately indicate any amount in controversy. See Sarnoff, 798 F.2d at 1079