**Jorge CRUZ, Plaintiff,**

v.

**Norberto MOLINA, Defendant.**

**Civ. No. 89–0432(PG).**

United States District Court, D. Puerto Rico.

July 29, 1992.

Raúl Barrera Morales, Santurce, P.R., for plaintiff.

Iván Durant Sierra, Santa Rosa, Bayamón, P.R., for defendant.

GENE CARTER, Chief Judge.[1]

## ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff in this action filed a timely motion under Federal Rule of Civil Procedure 59(e) to alter or amend judgment. In his motion, he urges the Court to reconsider its findings that he is not entitled to damages for mental anguish or for the expenses he alleged for repairs of Defendant's house and as a result of having been locked out of the house. Plaintiff also challenges the Court's finding that he did not have an emerald and a large amount of cash at the property at the time he was locked out. Having considered Plaintiff's submission and having revisited its findings in the original opinion, 788 F.Supp. 122, the Court is satisfied that its initial determination of the issues was correct.

Plaintiff also urges that Defendant's testimony alone is an insufficient basis for the award of $700 damages for extermination services Defendant needed as a result of Plaintiff's leaving the property dirty. Defendant's testimony on this point was credible and uncontradicted. It, therefore, provides a suitable basis for the award of damages. To the extent that Plaintiff suggests the Court unfairly refused to believe his testimony as to the amount of damages he incurred for repairing Defendant's house, the Court notes that it found no duty to pay for repairs on the part of Defendant. As a secondary rationale, the Court rejected Plaintiff's proof as to amount because it was significantly contradicted not only by the testimony of his own witness, David Loperena, but also by that of Defendant.

Finally, Plaintiff argues that he is entitled to an award of attorney's fees under Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure. That rule provides that "[i]n the event any party has acted obstinately or frivolously, the court shall, in its judgment, impose on such a person the payment of a sum for attorney's fees which the court decides corresponds to such conduct." *Department of Recreation and Sports of Puerto Rico v. World Boxing Ass'n,* 942 F.2d 84, 89 (1st Cir.1991). Although the Court found Defendant had breached his obligations to maintain Plaintiff in peaceful enjoyment of the leasehold and not to deprive Plaintiff of the leasehold without the assistance of law, the Court does not find that Defendant or his attorneys acted obstinately or frivolously in this action. There was evidence that might have supported a finding that Plaintiff had abandoned the premises, although in the end, as the Court decided, the preponderance of the evidence showed that Plaintiff had not done so. There is no basis for an award of attorney's fees to Plaintiff under Rule 44.1(d) of the Puerto Rico Civil Rules.

Accordingly, it is ORDERED that Plaintiff's motion to alter or amend judgment be, and it is hereby, DENIED.

SO ORDERED.

---

1. District of Maine, sitting by designation in the District of Puerto Rico.