Mary KENNEY, Plaintiff,

v.

Arthur W. HOOVER, Defendant.

Civ. Action No. 94–40044–NMG.

United States District Court,
D. Massachusetts.

Dec. 15, 1995.

---

**3.** January 6, 1987, July 7, 1987, and August 10, 1987.

Frederick A. Busconi, Framingham, MA, for Plaintiff.

Paul Durkee, Paul L. Durkee, McGuire & McGuire, Worcester, MA, for Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Plaintiff Mary Kenney ("Kenney"), a Massachusetts resident, filed this diversity action against defendant, Arthur Hoover ("Hoover"), a New Hampshire resident, alleging breach of contract and negligence. Pending before this Court is defendant's motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction and improper venue. For the reasons set forth below, the motion will be allowed.

### I. BACKGROUND

On April 14, 1989, plaintiff retained defendant as her attorney to represent her in a divorce. At that time, Kenney allegedly asked Hoover to place a lien on marital property in Maine, in response to threats from her husband to liquidate all of their assets. Hoover accepted a check in the amount of $350 as a retainer fee. Hoover lives and has his principal place of business in New Hampshire and is licensed to practice law in both New Hampshire and Maine. Kenney currently lives in Fitchburg, Massachusetts and apparently lived there throughout her dealings with defendant.

On April 25, 1989, Hoover sent a letter to Kenney in Massachusetts, along with legal papers requesting her signatures on a complaint for divorce, an affidavit and a Motion for Support and Custody Pending Divorce. Kenney responded by a letter dated May 4, 1989, enclosing the signed documents. At some point thereafter, the two spoke on the phone on at least one occasion. Kenney claims that, sometime in May, Hoover in-

formed her that her marital property in Maine had been sold without a lien having been placed on the property. Toward the end of May, Kenney called Hoover to inform him that she had retained another lawyer.

On June 16, 1989, Hoover sent a letter to Kenney returning the $350 check that Kenney had submitted as a retainer fee and apologizing for not having attended to her file earlier. Nearly five years later, on March 23, 1994, Kenney filed suit against Hoover in this Court, alleging breach of contract and negligent legal representation. Defendant Hoover subsequently filed, pursuant to Fed.R.Civ.P. 12(b), the pending motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction and improper venue.

## II. DISCUSSION

### A. *Lack of Subject Matter Jurisdiction*

This case is here on the basis of diversity jurisdiction. In her civil action cover sheet, plaintiff alleged that the amount in controversy was $50,000. Pursuant to 28 U.S.C. § 1332, defendant correctly argues that on the basis of that stated amount in controversy, the claim does not meet the requirements of the statute. Plaintiff, however, subsequently filed an amended civil action cover sheet in which the alleged damages are $90,000. That figure is said to be based upon the value of the properties which defendant allegedly failed to attach and which were subsequently sold by plaintiff's husband.

■ Upon challenge by the defendant that the amount in controversy does not meet the jurisdictional minimum, plaintiff has the "burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." *Department of Recreation v. World Boxing Ass'n,* 942 F.2d 84, 88 (1st Cir.1991). Plaintiff "may meet this burden by amending the pleadings or by submitting affidavits." *Id.* Assuming *arguendo* that plaintiff's amended civil action cover sheet suffices to confer subject matter jurisdiction upon this Court, this Court must nonetheless dismiss plaintiff's complaint on the basis of lack of personal jurisdiction, to which this Court now turns.

### B. *Lack of Personal Jurisdiction*

Defendant Hoover argues that this Court lacks personal jurisdiction over him. According to defendant, the alleged cause of action arose in New Hampshire, and at all relevant times he has been a domiciliary of, a member of the bar of and admitted to practice law in New Hampshire. Defendant further argues that with respect to Massachusetts he: 1) derives no business from it, 2) does not advertise in it, 3) is not admitted to practice law in it, 4) has no minimum contacts with it, 5) does not inject his work product into its stream of commerce, 6) has not benefited in any way from any contact he may have had with it, and 7) could not have foreseen that he would be required to defend himself in lawsuits in its courts. Due to the lack of minimal contacts with the state of Massachusetts, defendant argues that "finding personal jurisdiction over the defendant would offend traditional concepts of fair play and substantial justice."

#### 1. *Legal Analysis*

■ In deciding the instant motion to dismiss for lack of personal jurisdiction, this Court employs the prima facie standard of analysis, according to which this Court must "consider only whether the plaintiff has profferred evidence that, if credited, is enough to support the findings of all facts essential to personal jurisdiction." *Boit v. Gar–Tec Products, Inc.,* 967 F.2d 671, 675 (1st Cir. 1992); *see also Foster–Miller, Inc. v. Babcock & Wilcox Canada,* 46 F.3d 138, 145 (1st Cir.1995). In other words, plaintiff must show every fact required to satisfy both the Massachusetts long-arm statute and the due process clause of the Constitution. *Boit,* 967 F.2d at 675. The plaintiff may not simply rest on unsupported allegations in the pleadings to make the prima facie showing, but "must go beyond the pleadings and make affirmative proof." *Chlebda v. H.E. Fortna & Bro. Inc.,* 609 F.2d 1022, 1024 (1st Cir. 1979). This Court must accept "properly supported proffers of evidence by a plaintiff as true." *Boit,* 967 F.2d at 675.

## 2. *Massachusetts Long–Arm Statute*

Plaintiff argues that this Court may exercise personal jurisdiction over defendant pursuant to the Massachusetts long-arm statute, M.G.L. c. 223A, because the cause of action arises from a) defendant's transacting business in Massachusetts [§ 3(a) ] or b) defendant's causing tortious injury by act or omission in Massachusetts [§ 3(c) ].

Plaintiff contends that defendant transacted business within the Commonwealth in two ways:

a. by accepting and cashing a $350 check drawn on an account from the Shawmut Worcester County Bank, thereby utilizing the services of the Shawmut Bank which does its primary business in Massachusetts; and

b. by corresponding by mail and by phone with plaintiff in Massachusetts, including the sending of legal documents that required her review and signature.

In support of her argument, plaintiff cites *Hahn v. Vermont Law School*, 698 F.2d 48 (1st Cir.1983), in which the First Circuit Court of Appeals held that mailing an application and admission letter to a student in Massachusetts constituted a sufficient transacting of business to satisfy the Massachusetts long-arm statute. Alternatively, plaintiff argues that the instant case falls within the scope of § 3(c) of the long-arm statute because the injury suffered by plaintiff resulted from the failure of defendant "to act appropriately [with respect] to the documents signed in Massachusetts."

█ Whether the cashing of a Massachusetts bank check and correspondence between plaintiff and defendant suffices to confer personal jurisdiction over defendant under § 3(a) or whether the plaintiff suffered tortious injuries due to an act or omission in Massachusetts under § 3(c) need not be definitively resolved in the instant case because plaintiff must satisfy the requirements not only of state law but also of the federal Constitution. If jurisdiction over the defendant is found to be constitutionally unpalatable, then the long-arm statute cannot authorize jurisdiction, regardless of whether the supporting facts asserted appear to satisfy the statute's literal requirements. *See Good Hope Industries, Inc. v. Ryder Scott Company*, 378 Mass. 1, 6, 389 N.E.2d 76 (1979). This Court properly turns its focus to the important constitutional limitations on its power to exercise jurisdiction over the defendant.

## 3. *Due Process Clause*

Plaintiff alleges that, given defendant's contacts with Massachusetts, his representation of a client from Massachusetts was sufficient warning that he could be subjected to the jurisdiction of Massachusetts courts. Plaintiff thus argues that exercising personal jurisdiction over defendant comports with the requirements of constitutional due process.

█ The First Circuit has established a tripartite test for determining whether sufficient contacts exist to warrant the exercise of personal jurisdiction under the due process clause.

First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*United Electrical, Radio and Machine Workers of America v. 163 Pleasant Street Corporation*, 960 F.2d 1080, 1089 (1st Cir. 1992). The First Circuit's very recent opinion in *Sawtelle v. Farrell*, 70 F.3d 1381 (1st Cir.1995), discusses that tripartite framework in depth and this Court need not repeat that analysis here. Based upon that framework, this Court concludes that plaintiff has failed to make a prima facie showing of personal jurisdiction over defendant.

### a. *Relatedness*

█ Plaintiff has failed to proffer sufficient evidence that her claims for breach of contract and negligent legal representation

directly arise out of, or relate to, defendant's activities in Massachusetts.

> "The relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state."

*Sawtelle,* 70 F.3d at 1389. Plaintiff's claims are based upon defendant's alleged failure to attach marital property in Maine. The only specific contacts with Massachusetts which plaintiff has cited are the cashing by defendant of the Massachusetts bank check and some correspondence by phone and by mail between plaintiff and defendant. Those in-forum acts alone are not enough to give rise to plaintiff's claims and thus are insufficient to confer personal jurisdiction over defendant under this first prong of the analysis.

### b. *Purposeful Availment*

The second prong of the constitutional inquiry into jurisdiction is whether defendant's contacts with Massachusetts constituted a purposeful availment by defendant of the benefits and protections of conducting activities in that state. The First Circuit has identified two cornerstones of the purposeful availment test: voluntariness and foreseeability. *See Sawtelle,* 70 F.3d at 1390–91; *Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 207 (1st Cir.1994). This Court again concludes that plaintiff has failed to allege facts sufficient to satisfy the second prong of the jurisdictional analysis.

Plaintiff has proffered no evidence suggesting that defendant voluntarily initiated the attorney-client relationship with plaintiff or otherwise purposely involved himself in any way in the Massachusetts economy. In fact, plaintiff has offered no evidence to support her claim of personal jurisdiction other than the limited contacts previously mentioned. Although it is true that defendant knowingly agreed to represent a Massachusetts client, the First Circuit has plainly held that "[t]he mere existence of an attorney-client relationship, unaccompanied by other sufficient contacts with the forum, does not confer personal jurisdiction over the non-resident in the forum state; more is required." *Sawtelle,* 70 F.3d at 1392. More has not been shown in this case. Plaintiff's argument that defendant could have reasonably foreseen the possibility of being haled into the Massachusetts courts is simply unsupported by evidence in the record.

Because plaintiff has failed to make a prima facie showing to support a finding of personal jurisdiction over defendant with respect to the first two prongs of the constitutional inquiry into jurisdiction, this Court need not reach the third (reasonableness) stage of the analysis. The First Circuit has noted that a failure to demonstrate the necessary minimum contacts eliminates the need even to reach the issue of reasonableness: "[t]he [g]estalt [reasonableness] factors come into play only if the first two segments of the test for specific jurisdiction have been fulfilled." *Pleasant St.,* 960 F.2d at 1091, n. 11.

Because the instant case will be dismissed for want of personal jurisdiction, this Court does not address the issue of improper venue.

### ORDER

For the foregoing reasons, the motion of defendant, Arthur W. Hoover, to dismiss on grounds of lack of personal jurisdiction over him is ALLOWED.

So Ordered.