Michael **SPIELMAN**, a former Massachusetts Limited Partner, On Behalf of Himself and Others Similarly Situated, Plaintiff,

v.

**GENZYME CORPORATION**, a Delaware Corporation, Genzyme Development Corporation, a Former Massachusetts General Partner of Genzyme Clinical Partners, L.P., Defendants.

Civ.A.No. 95–12457–EFH.

United States District Court, D. Massachusetts.

May 5, 2000.

Glen DeValerio, Norman Berman, Berman, DeValerio & Pease, Boston, MA, for Michael Spielman.

Jeffrey F. Jones, Michael T. Gass, Anne Robbins, Matthew P. Schaefer, Palmer & Dodge, Boston, MA, for Genzyme Corporation.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

### I. Procedural Background

On November 9, 1995, plaintiff filed a class action on behalf of himself and similarly situated members pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). Plaintiff asserted jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff's substantive claims at the time of filing included negligent misrepresentation, common law fraud, breach of fiduciary duty, and breach of contract. On October 24, 1996, Defendant Genzyme Corporation ("defendant") filed a motion to dismiss this action for lack of subject matter jurisdiction.[1] Specifically, the defendant claimed that the complaint failed to establish the minimum jurisdictional amount of $50,000.[2] On December 12, 1996, this Court denied defendant's motion to dismiss and stayed the action pending plaintiff's appeal to the Massachusetts Appellate Tax Board ("ATB") in order that plaintiff's ultimate tax liability be determined. At a status conference on February 8, 1999, the plaintiff informed this Court that the ATB had assessed his final tax liability at $10,280, and that he had incurred fees of approximately $8,305. On September 22, 1999, plaintiff's complaint was amended to include a claim under the Massachusetts Consumer Protection Statute. Mass.Gen.L. ch. 93A. On October 25, 1999, the plaintiff filed a motion to certify this action as a class action. On November 2, 1999, the defendant renewed its motion to dismiss for lack of subject matter jurisdiction because of plaintiff's failure to establish the minimum jurisdictional amount of $50,000. On April 26, 2000, this Court heard argument on defendant's renewed motion to dismiss.

### II. Factual Background

Between 1987 and 1990, plaintiff was a Massachusetts limited partner of Genzyme Clinical Partners, L.P. ("the Partnership"). Genzyme Development Corporation ("GDC"), the General Partner, was required to issue federal tax schedules to the limited partners each year. Between 1987 and 1990, no federal tax schedules were issued to the limited partners. In 1990, Genzyme Corporation purchased the assets of the Partnership, and GDC caused the Partnership to be liquidated. Plaintiff alleges that because no federal tax schedules were issued by GDC, the partners were unaware that a taxable transaction had taken place.

In 1993, the Massachusetts Department of Revenue ("DOR") notified the partners that they were delinquent in filing their state income tax returns. In 1995, the DOR issued final assessments for double the tax originally owed on the 1990 transaction. Plaintiff alleges that defendant is responsible for the partners' failure to file state income tax returns due to GDC's failure to issue federal tax schedules. On November 9, 1995, plaintiff commenced this action.

### III. Discussion

Defendant's motion is based on two arguments. First, the defendant argues that any attorneys' fees must be divided pro rata among the putative class members. As such, defendant argues that the jurisdictional minimum amount is impossible to reach. Defendant's second argument is based on the assertion that each member of the putative class action, in addition to the named plaintiff, must meet the jurisdictional amount in controversy. Because the first issue is dispositive of this case, this Court need not reach defendant's second argument.[3]

---

1. Although Genzyme Development Corporation ("GDC") is named as a defendant in this action, it ceased to exist in 1990. GDC, therefore, did not respond to the complaint nor join in this motion. Genzyme Corporation assumes that the plaintiff seeks to hold it liable under a theory of successor liability.

2. The minimum jurisdictional amount in controversy has since been increased to $75,000. 28 U.S.C. § 1332.

3. Although it is not necessary to reach this issue, this Court nevertheless recognizes that there is a significant split of authority on whether 28 U.S.C. § 1367 permits district courts to exercise supplemental jurisdiction over the claims of class

At the time of filing this suit, 28 U.S.C. § 1332(a) stated that the amount in controversy required to confer jurisdiction in federal court was $50,000. On February 8, 1999, plaintiff informed this Court that he had settled his claims with the DOR for $10,280, and had incurred an additional $8,305 in fees. On the face of these allegations and the counts filed in the original complaint, plaintiff does not meet the amount required for this Court to exercise jurisdiction. Plaintiff, however, argues that in addition to the $10,280 tax assessment and $8,305 in fees already incurred, "attorneys' fees alone will easily exceed $50,000."

Attorneys' fees generally do not constitute part of the "amount in controversy" for purposes of determining diversity jurisdiction. Reasonable attorneys' fees, however, can be included in an assessment of the amount in controversy when provided by statute. *See Department of Recreation and Sports of Puerto Rico v. World Boxing Ass'n,* 942 F.2d 84 (1st Cir.1991); *Velez v. Crown Life Ins. Co.,* 599 F.2d 471 (1st Cir.1979). The Massachusetts Consumer Protection Statute is a statute which mandates the payment of such fees in certain circumstances. Mass.Gen.L. ch. 93A, § 9(4); *see also F.C.I. Realty Trust v. Aetna Casualty & Surety Co.,* 906 F.Supp. 30 (D.Mass.1995).

The plaintiff contends, and it may be true, that the amount of additional reasonable attorneys' fees to be incurred in this case will be more than the approximately $31,415 needed to meet the jurisdictional minimum of $50,000. This case, however, is brought by plaintiff as a putative class action "on behalf of himself and others similarly situated" pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). This case

must, therefore, be provisionally considered a class action. *See Doucette v. Ives,* 947 F.2d 21, 30 (1st Cir.1991) ("During the period between the commencement of a suit as a class action and the Court's determination that it may be so maintained, the suit should be treated as a class action.").

"Most courts that have faced the question have concluded, in consonance with the [defendant's] argument here, that the estimated amount of an award of attorneys' fees in a class action must be prorated across the membership of the putative class." *See Ciardi v. F. Hoffmann–La Roche, Ltd.,* 2000 WL 159320, *1 (D.Mass.2000) (citing cases); *see also Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir.1982). Plaintiff, however, relies on a case from the Fifth Circuit, which recognized the general rule precluding the aggregation of prospective attorneys' fees for purposes of the jurisdictional amount, but nevertheless concluded that a Louisiana state statute provided that attorneys' fees be awarded only to the named plaintiffs. *See In re Abbott Laboratories,* 51 F.3d 524, 526 (5th Cir.1995). In *Abbott Laboratories,* the Louisiana state statute specifically provided for an award of attorneys' fees to "representative parties." *See Abbott Laboratories,* 51 F.3d at 526 (citing Article 595 of the Louisiana Code of Civil Procedure).

The Massachusetts Consumer Protection Statute, however, provides for an award of attorneys' fees to the "petitioner." Mass.Gen.L. ch. 93A, § 9(4). This Court has discovered one case which rules on this *very* point. *See Ciardi,* 2000 WL 159320, at *2. The Court in *Ciardi* ruled that the term "petitioner" used in Mass.Gen.L. ch. 93A is "historically used in Massachusetts as the equivalent" of the term "plaintiff." *See id.* The *Ciardi* court distinguished the term "representative parties" used in the Louisi-

members which do not satisfy the jurisdictional amount required, provided at least one class representative satisfies the jurisdictional requirements of § 1332(a). *See Abbott Laboratories,* 51 F.3d at 529 (holding that a district court can exercise supplemental jurisdiction over members of a class as long as the named plaintiffs meet the amount in controversy requirement); *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.,* 77 F.3d 928, 930 (7th Cir.1996) (same); *In re Prudential Ins. Co.,* 962 F.Supp. 450, 504 (D.N.J. 1997) ("A plain reading of section 1367 clearly permits the exercise of supplemental jurisdiction

over class plaintiffs' claims that do not meet the amount in controversy requirement."). Indeed, courts in this Circuit have recently held that subject matter jurisdiction may exist when "at least one named plaintiff meets the jurisdictional requirements provided in § 1332." *See, e.g., Freitas v. First New Hampshire,* 1998 WL 657606, *3 (D.R.I.1998); *Duhaime v. John Hancock Mut. Life Ins. Co.,* 177 F.R.D. 54, 60 (D.Mass.1997); *but see Mayo v. Key Financial Services, Inc.,* 812 F.Supp. 277, 278 (D.Mass. 1993).

**22**

ana state statute as "a term of art pertinent to class actions." *See id.* This Court agrees. Unlike the Louisiana statute examined in *Abbott Laboratories,* the statutory language of Mass.Gen.L. ch. 93A does not controvert the general proposition that attorneys' fees are to be pro rated across the putative class. As such, any reasonable amount of attorneys' fees must be divided pro rata among all members of the putative class.[4]

The parties have represented that the putative class consists of approximately one hundred ninety-one (191) members. Even if this Court were to assume that the amount of damages attributable to each member of the putative class is the same as that of the named plaintiff ($18,585), it is impossible for the plaintiff to demonstrate an amount of reasonable attorneys' fees large enough to meet the jurisdictional minimum. Even if the putative class were only half as large, the plaintiff would need to show reasonable attorneys' fees in excess of three million dollars. As such, neither the named plaintiff nor any of the putative class members has the prospect of recovering damages and attorneys' fees in excess of the jurisdictional threshold. This Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and the defendant's motion to dismiss is granted. Consistent with this Court's Order of March 19, 1997, the dismissal of this case does not preclude the plaintiff from bringing suit in his individual capacity in the Superior Court of Massachusetts.

Federal courts are courts of limited jurisdiction and their essential character must be protected from the ingenious devices of those who would attempt to restructure them into fora for resolving small claim disputes.

SO ORDERED.

---

**4.** The plaintiff also relies on a decision of the Massachusetts Supreme Judicial Court to support his position. *See Coggins v. New England Patriots Football Club, Inc.,* 406 Mass. 666, 669, 550 N.E.2d 141 (Mass.1990). This decision, however, does not speak to whether attorneys' fees must be divided pro rata among members of the putative class action. In *Coggins,* the Massachusetts Supreme Judicial Court held that "attorneys' fees may be awarded, in the judge's discretion, to a party who has successfully brought a derivative action on behalf of a corporation." *See id.* The holding in *Coggins* is inapplicable because the case at hand is not a corporate derivative action. Nevertheless, *Coggins* does not address the issue of whether attorneys' fees, for the purposes of determining jurisdiction, may be attributable only to a named plaintiff.