[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1266

PETER S. WEDEEN,

Plaintiff, Appellant,

v.

GREEN RIVER POWER SPORTS,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Frank H. Freedman, Senior U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Lynch, Circuit Judges.

Peter S. Wedeen on brief pro se.
Louis S. Robin and Fitzgerald, O'Brien, Robin & Shapiro on brief for appellee.

June 26, 2001

**Per Curiam**.   The district court granted a motion to dismiss this complaint alleging diversity jurisdiction after plaintiff failed to carry his burden of showing that "it is not a legal certainty that [his] claim involves less than the jurisdictional amount."   Dep't of Recreation & Sports v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991); see also Spielman v. Genzyme Corp., --- F.3d ---, 2001 WL 538958 at *3 (1st Cir. 2001).  Plaintiff argues on appeal that the district court is biased toward him because he is a pro se litigant.

We have acknowledged that:

> Our judicial system zealously guards the attempts of pro se litigants on their own behalf. We are required to construe liberally a pro se complaint and may affirm its dismissal only if a plaintiff cannot prove any set of facts entitling him or her to relief.

Ahmed v. Rosenblatt, 118 F.3d 886, 889 (1st Cir. 1997). Honoring this policy, the district court initially denied the motion to dismiss despite the plaintiff's failure to substantiate the amount in controversy required for diversity jurisdiction.  The court recognized, sua sponte, that the plaintiff might be able to prove facts entitling him to relief under the Fair Credit Reporting Act, and allowed the plaintiff an opportunity to amend the complaint

to add a federal claim as well as any pendent state claims. The plaintiff chose to reject the court's suggestion, instead filing an amendment which asserted more state claims (none of which supported the jurisdictional minimum). The district court then reluctantly dismissed the action.

In this court, the plaintiff continues to insist that his amended pleading is sufficient. It is not.

We respect the right of every litigant in our adversarial system, including pro se litigants, to be the master of their own cause. Still, we ordinarily cannot relieve a party from his own intransigence or "insulate" him from the rudimentary requirements of substantiating jurisdiction. Ahmed, 118 F.2d at 889. Reviewing the issue de novo, we find that the plaintiff's amendment is insufficient to substantiate the jurisdictional minimum. Faced with the plaintiff's insistence on an apparently self-defeating course of action, the district court correctly dismissed this case for lack of subject matter jurisdiction.

Affirmed.