# United States Court of Appeals
## For the First Circuit

No. 03-1404

KEITH STEWART and DIANA RAMÍREZ,

Plaintiffs, Appellants,

v.

TUPPERWARE CORPORATION; SUNNY ISLANDS SALES, INC.;
AMERICAN MOTORISTS INSURANCE COMPANY;
RUTH FUENTE-ALICIA AND HER CONJUGAL PARTNERSHIP,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Torruella, Lynch and Howard,
Circuit Judges.

Luis A. Meléndez-Albizu, with whom Law Offices of Luis A.
Meléndez-Albizu, were on brief, for appellants.
Vicente Santori-Margarida, with whom Vicente Santori-Coll,
were on brief, for appellees.

February 2, 2004

**TORRUELLA**, <u>Circuit Judge</u>. Plaintiffs-appellants, Keith Stewart and Diana Ramírez (hereinafter jointly referred to as the "plaintiffs"), brought a diversity action against defendants-appellees, Tupperware Corporation, American Motorists Insurance Company, Sunny Islands Sales Inc., Ruth Fuente Alicia ("Fuente") and her conjugal partner (hereinafter collectively referred to as the "defendants"). The district court found that the plaintiffs' damages claims failed to satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332 and therefore dismissed the case for lack of subject matter jurisdiction pursuant to defendants' Fed. R. Civ. P. 12(b)(1) motion. For the reasons stated below, we reverse.

## I.  Background

Plaintiffs, recently married, traveled to Puerto Rico for their honeymoon. On September 12, 2000, plaintiffs went to Charlie Auto to rent a car. Driving their rental car, plaintiffs exited Charlie Auto and proceeded eastbound on Magdalena Avenue.

Meanwhile, defendant Fuente was departing from an engagement arranged by co-defendant Tupperware Corporation. Fuente drove southbound on Condado Avenue -- a one way street for northbound traffic only.

When plaintiffs reached the intersection of Magdalena Avenue and Condado Avenue, they proceeded through the intersection because they had a green light. Fuente, still driving the wrong

-2-

way down a one way street, drove her car into the left side of plaintiffs' car. Both plaintiffs were injured in the crash and were taken by ambulance to a nearby emergency clinic.

As a result of the crash, Diana Ramírez suffered whiplash, chest trauma, cuts on her leg, and bruising on many parts of her body. These injuries have allegedly resulted in continuing chest and neck pain which has inhibited Ramírez's life. For example, she claims that the chest pain was too severe to allow her to breast feed her newborn child or have sexual relations with her husband. Further, Ramírez's injuries limited the amount of work she could perform at her job.

A medical examination conducted a little less than two years after the crash reported that Ramírez suffers from a permanent incapacity of 3% of her bodily functions. A psychological examination conducted one year after the crash estimated that Ramírez requires intensive psychotherapy and medication for one year.

Keith Stewart suffered whiplash as a result of the crash. A medical examination conducted a little less than two years after the crash reported that Stewart suffered from cervical paravertebral muscle strain and that the crash caused Stewart to have 7% permanent impairment of his total bodily functions. Stewart alleges that the injuries hinder his ability to work as a New York policeman and prevented him from having intimate contact

-3-

with his wife for about two to three months.  A psychological examination conducted a year after the crash reported that Stewart suffered intense emotional trauma.  The psychologist recommended intensive psychotherapy and medication for approximately one year.

## II.  **Analysis**

We review the district court's dismissal for lack of subject matter jurisdiction de novo.  Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001).  According to 28 U.S.C. § 1332, federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is diversity of citizenship.  28 U.S.C. § 1332(a).  Where there are multiple plaintiffs, each must allege a claim that is in excess of $75,000.  See Clark v. Paul Gray Inc., 306 U.S. 583, 589 (1939).  In this case, there is no question that diversity of citizenship exists.  Rather, the dispute turns on whether the damages exceed $75,000.

Since plaintiffs seek to invoke federal diversity jurisdiction, they have the burden of showing that their claims meet the amount-in-controversy requirement.  Spielman, 251 F.3d at 4.  The longstanding test for determining whether a party has met the amount-in-controversy states that:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the

-4-

> plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938) (footnotes omitted).  When applying this test, a court must look at the circumstances at the time the complaint is filed. Spielman, 251 F.3d at 5.  Plaintiffs' "general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court."  Id. (citing Dep't of Recreation & Sports v. World Boxing Ass'n, 924 F.2d 84, 88 (1st Cir. 1991)).  If the opposing party questions the damages allegation, then "'the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount.'"  Id. (quoting Dep't of Recreation and Sports, 924 F.2d at 88) (further citations omitted).  Further,

> if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, . . . the suit will be dismissed.

St. Paul, 303 U.S. at 289 (footnote omitted).

Plaintiffs brought their suit under the diversity jurisdiction of the federal court alleging Puerto Rican law causes of action.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

Plaintiffs brought claims for (1) past and future physical, mental, and emotional anguish, pain and suffering; (2) mental and emotional anguish and distress resulting from witnessing their spouse suffer; (3) loss of enjoyment of life and loss of consortium; (4) permanent impairment to total bodily functions; and (5) future medical costs.

Defendants questioned plaintiffs' allegation that the damages for each plaintiff exceeded $75,000. Thus, plaintiffs had the burden of alleging facts indicating that it is not a legal certainty that their individual claims involve less than $75,000. To meet this burden, Diana Ramírez produced written interrogatories documenting her injuries and pain, a medical report concluding that Ramírez suffered a 3% permanent impairment and was at risk of developing cervical spondylosis as a result of the accident, and a psychological evaluation documenting her emotional trauma and recommending intensive psychotherapy and medication for approximately one year.

Keith Stewart produced written interrogatories documenting his injuries, pain, and difficulty performing his job as a New York policeman, a medical report concluding that Stewart suffered a 7% permanent impairment, and a psychological evaluation documenting his emotional trauma and recommending intensive psychotherapy and medication for approximately one year.

The district court, after considering the interrogatories, medical reports, and psychological evaluations,

concluded that the plaintiffs failed to submit facts indicating that it was not a legal certainty that their individual claims involved less than $75,000.  We disagree.

In reaching its conclusions, the district court examined personal injury cases from the Puerto Rico Supreme Court, most of which were over forty years old, which awarded damages, adjusted for inflation, far below $75,000 for injuries similar to those suffered by the plaintiffs.  Relying on the amount of damages awarded by Commonwealth courts constituted error.  Contra Thomas v. Travelers Ins. Co., 258 F. Supp. 873 (E.D. La. 1966).  Although "federal courts must, of course, look to state law to determine the nature and extent of the right to be enforced in a diversity case," the "determination of the value of the matter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards."  Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 352-53 (1961).  In our view, the district court's decision constituted error.

Using Puerto Rico Supreme Court cases to analyze the amount-in-controversy for diversity purposes is the equivalent of comparing apples and oranges.  Damages in a Puerto Rico civil case are determined by a judge, not a jury.  In contrast, in the federal courts, "[t]he task of estimating money damages, especially intangible, noneconomic loss, constitutes a core jury function."  Davignon v. Clemmey, 322 F.3d 1, 11 (1st Cir. 2003).  Thus, Puerto

Rico Supreme Court cases are not an accurate indicator of the possible damages that a federal jury would award for a claim brought under Puerto Rico law.

We have previously held that a federal district court, in determining whether a damage award is excessive, should not compare damages awarded in a federal diversity case with damages awarded by the Supreme Court of Puerto Rico. See Grajales-Romero v. American Airlines, Inc., 194 F.3d 288, 300 (1st Cir. 1999) (quoting Mejías-Quirós v. Maxxam Property Corp., 108 F.3d 425, 427 n.1 (1st Cir. 1997)). The fact that judges in the commonwealth courts frequently award lesser sums than juries in the federal court "does not override the general rule that a federal jury . . . is not bound in making its determination by the amount that the Commonwealth courts have awarded or approved." Correa v. Hosp. San Francisco, 69 F.3d 1184, 1198 (1st Cir. 1995) (quoting LaForest v. Autoridad de las Fuentes Fluviales, 536 F.2d 443, 446-47 (1st Cir. 1976)). We likewise hold that in determining the amount-in-controversy, a federal district court should not be constrained by the amounts awarded by the Supreme Court of Puerto Rico.

We believe, based on the evidence, that the plaintiffs met their burden of alleging facts indicating that it is not a legal certainty that their claims involve less than $75,000. This becomes clear after examining cases, affirmed by this court, in which federal juries in Puerto Rico returned verdicts for injuries

similar to plaintiffs'. Taking notice of amounts recovered by plaintiffs in similar cases in a similar locality is but one way to assess whether a plaintiff can recover the jurisdictional amount. See, e.g., Felton v. Greyhound Lines, Inc., 324 F.3d 771 (5th Cir. 2003). It should be noted, however, that this method is not always conclusive. The fact that no prior plaintiff has recovered the jurisdictional amount for a certain injury does not indicate, to a legal certainty, that the plaintiff could not recover that amount. In this case, however, federal juries in Puerto Rico have returned verdicts far in excess of the jurisdictional amount for injuries similar to plaintiffs'.

In Havinga v. Crowley Towing and Transp. Co., 24 F.3d 1480 (1st Cir. 1994), we upheld awards ranging from $200,000 to $450,000 per plaintiff for pain and suffering and loss of capacity for enjoyment of life. In Havinga, the plaintiffs' boat was struck by a barge, forcing plaintiffs to abandon ship and await rescue at night in shark-infested waters. The plaintiffs presented their own testimony regarding their pain and suffering, supplemented with the testimony of a psychologist. Though the plaintiffs did not suffer physical injury, we upheld the damage awards. See also Grajales-Romero, 194 F.3d at 288 (holding that an award of $150,000 was not excessive where plaintiff produced medical evidence of neck pains and loss of cognitive functions resulting from a sign falling on plaintiff's head); Smith v. Kmart Corp., 177 F.3d 19 (1st Cir.

1999) (holding that an award of $500,000 was not excessive where plaintiff produced medical and psychological evidence of trauma and continued pain resulting from a cooler falling on plaintiff's head); Mejías-Quirós, 108 F.3d at 425 (holding that an award of $200,000 for pain and suffering was not excessive where plaintiff produced medical testimony about continuing headaches, mild depression, low self-esteem, and post-traumatic stress). These cases are not on all fours with this case, but demonstrate that it is not legally certain that a jury could not make an award of $75,000.

Both plaintiffs suffered physical injuries from the accident that resulted in permanent impairment to their total bodily functions. In addition, they had to cope with the mental anguish of spending their honeymoon in a hospital, Ramírez being unable to breast feed their first child, and being unable to have intimate contact with one another during the first three months of marriage. Medical reports indicate that the plaintiffs may require future medical and psychological care. These facts, when compared to comparable federal jury cases, indicate that it is not a legal certainty that their individual claims involve less than $75,000.[1]

---

[1] Defendants also argue that part of plaintiffs' complaint was made in bad faith because it incorrectly claims that the couple cut their honeymoon short to receive medical treatment and that they lost time from work to receive medical treatment when, in fact, they never received the additional treatment. We do not find it necessary to address this issue because plaintiffs reach the jurisdictional amount without considering the additional medical

### III.  Conclusion

For the foregoing reasons, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

**Vacated and Remanded**.

---

treatment they may or may not have had.  See St. Paul, 303 U.S. at 289-90 (discussing that a suit will be dismissed for bad faith damage allegations only when such claims are essential to reach the jurisdictional amount).