**Mary R. RAMCHANDRA, Plaintiff,**

v.

**AMTRAK NATIONAL RAILROAD CORPORATION, Defendant/Third–Party Plaintiff,**

v.

**Keating Enterprises, Inc., Third–Party Defendant.**

**No. CIV.A. 02–40061–NMG.**

United States District Court, D. Massachusetts.

Oct. 18, 2004.

James D. O'Brien, Jr., Mountain, Dearborn & Whiting, LLP, Worcester, MA, for Mary R. Ramchandra, Plaintiff.

Richard A. Davidson, Jr., Flynn & Associates, PC, Michael B. Flynn, Flynn & Associates, PC, Quincy, MA, for Amtrak National Railroad Corporation, Third–Party Plaintiff.

Michael P. Welsh, Law Office of Donna Gully Brown, Worcester, MA, for Keating Enterprises, Inc., Third–Party Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

On September 17, 2004, this Court issued an Order denying the motion for summary judgment of Amtrak National Railroad Corporation ("Amtrak"). At the same time, however, it instructed the parties to submit briefs to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1442, federal district courts have subject matter jurisdiction over diversity actions in which more than $75,000 is in controversy. In determining whether that jurisdictional minimum is met, "the sum claimed [in the complaint] by the plaintiff controls ...." *Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir.2004). Plaintiff's complaint alleges damages of $24,999 and thus, on its face, this Court lacks subject matter jurisdiction.

The fact that plaintiff, at one time, made a settlement demand in excess of the jurisdictional minimum does not alter the result. A settlement demand (or offer) is "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim," but it is not dispositive. *Cohn D.V.M. v. Petsmart, Inc.*, 281, F.3d 837, 840 (9th Cir.2002). Amtrak offers no evidence to suggest that an initial demand by the plaintiff, rather than the $24,999 claimed in her complaint, reasonably estimates the value of plaintiff's claim. The Court is bound to construe strictly statutes conferring removal jurisdiction. *Progressive Specialty Insurance Company v. Nobles*, 928 F.Supp. 1096, 1099 (M.D.Ala.

1996). Thus, the Court concludes that it lacks subject matter jurisdiction over this case.

**ORDER**

In accordance with the foregoing, this case (Civil Action No. 02–cv–40061) is hereby **REMANDED** to the Massachusetts District Court Department of the Trial Court, Clinton Division.

**So ordered.**