José ZAYAS–CARMONA, Plaintiff,

v.

RENT–A–CENTER EAST, INC., Defendant.

Civil No. 14–1130 (PAD).

United States District Court, D. Puerto Rico.

Signed April 30, 2014.

Kenneth C. Suria–Rivera, Estrella, LLC, San Juan, PR, for Defendant.

## MEMORANDUM AND ORDER

PEDRO A. DELGADO–HERNÁNDEZ, District Judge.

Pending before the Court are plaintiff's motion to remand and defendants' opposition thereto. For the reasons stated below, plaintiff's request is GRANTED and the case is REMANDED to the Fajardo Part of the Court of First Instance of Puerto Rico.

### A.

On January 22, 2014, plaintiff José Zayas–Carmona ("Zayas–Carmona") filed a complaint against Rent–A–Center East, Inc. ("Rent–A–Center") before the Fajardo Part of the Court of First Instance of Puerto Rico claiming (1) to have been terminated without good cause from his employment with Rent–A–Center; and (2) entitlement to $59,001.96 in discharge indemnity under the Puerto Rico Unjust Discharge Act, Law No. 80 of May 30, 1976, as amended, P.R. Laws Ann. tit. 29 § 185a *et seq.*, in addition to 25% of the indemnity ($14,752.45) to pay for his attorney's fees (Docket No. 1, Exh. 1)

On February 19, 2014, Rent–A–Center timely removed the case to this Court (Docket No. 1). In turn, Zayas–Carmona moved to remand (Docket No. 9), Rent–A–Center opposed plaintiff's remand request (Docket No. 14), Zayas–Carmona replied to Rent–A–Center's opposition (Docket No. 21), and Rent–A–Center sur-replied to Zayas–Carmona's reply (Docket No. 21).

### B.

A case may be removed from a state court to a federal court if the federal court would also have original jurisdiction to

Luis R. Lugo–Emanuelli, Lugo Emanuelli Law Office, Fajardo, PR, for Plaintiff.

hear the claim. 28 U.S.C. § 1441(a). As relevant here, a district court has original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum of $75,000.00 "exclusive of interests and costs." 28 U.S.C. § 1332(a).

Zayas–Carmona contends remand is required because in his view, the amount in controversy is less than the $75,000 minimum required to sustain jurisdiction. In this connection, he points out that the sum of the indemnity sought ($59,001.96) and of the amount demanded in fees ($14,752.45) totals $73,752.45. Rent–A–Center counters that fees may be awarded in excess of what Zayas–Carmona has requested such that the jurisdictional requirement has been complied with.

## C.

■ Normally, attorney's fees are not included in determining the amount in controversy as "the successful party does not collect his attorney's fees in addition to or as part of the judgment." *Vélez v. Crown Life Ins. Co.,* 599 F.2d 471, 474 (1st Cir.1979)(internal citations omitted). There are two exceptions to this general rule: (1) when the fees are provided for by contract, and (2) when a statute mandates or allows payment of the fees. *Id.; see also, Baker v. Equity Residential Management,* 996 F.Supp.2d 1, 6–7 (D.Mass.2014). The second exception is applicable to the case at bar because Law No. 80 provides for payment of a discharge indemnity and "... an additional amount for covering attorney's fees, which shall never be less than fifteen percent (15%) of the total compensation or one hundred dollars ($100), whichever is higher." P.R. Laws Ann. tit. 29 § 185k(b).

The Puerto Rico Supreme Court examined this provision in *Hernández Maldonado v. Taco Maker,* 181 D.P.R. 281, 298 (2011), 81 Off. Trans. —— (2011). The Court noted the section provides for a minimum amount to be paid in attorney's fees. If an attorney considers that more than 15% of the indemnity should be awarded in fees, she may seek the court's leave to claim fees based on the number of hours worked by submitting a verified memorandum stating the number of hours worked and the rate to be charged. The Court, however, observed that in contrast to discrimination cases under Puerto Rico Law No. 100 of June 30, 1959, as amended, P.R. Laws Ann. tit. 29 §§ 146–151, where an award of 25% of the base compensation to pay for attorney's fees may be generally appropriate, those cases tend to be more complex and expensive than cases under Law 80. *Id.*

## D.

Zayas–Carmona claims the amount in controversy is the amount requested in the complaint: $73,752.45 (Docket No. 9 at pp. 8–12). Rent–A–Center acknowledges the sum sought in the complaint equals $73,752.45, but argues that given the complexities in this case there is a reasonable probability that there could be an award of attorney's fees in excess of the 25% that plaintiff has sought (Docket No. 14 at ¶ 12).

■ The longstanding test for determining whether a party has met the minimum amount-in-controversy is "that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Spielman v. Genzyme Corp.,* 251 F.3d 1, 5 (1st Cir. 2001) (*quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

■ "Good faith is measured objectively; '[t]he question ... is whether to anyone familiar with the applicable law

this claim could objectively have been viewed as worth' more than the jurisdictional minimum." *Abdel–Aleem v. OPK Biotech LLC,* 665 F.3d 38, 41 (1st Cir.2012) (*quoting Coventry Sewage Assoc. v. Dworkin Realty Co.,* 71 F.3d 1, 6 (1st Cir.1995)). "[T]he party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." *Abdel–Aleem,* 665 F.3d at 42 (*quoting Stewart v. Tupperware Corp.,* 356 F.3d 335, 338 (1st Cir.2004)). The "sufficient particularity" standard requires something more than a conclusory statement. *Id.* Measured against these standards, remand is appropriate.

### E.

In the complaint, Zayas–Carmona specifically requested 25% of the indemnity to pay for his attorney's fees. It seems the request has been made in good faith. The amount sought is greater than the 15% minimum a court must initially consider in awarding fees, and corresponds to what the Puerto Rico Supreme Court suggested in *Hernández Maldonado v. Taco Maker, supra,* as the normal percentage to be used in discrimination cases under Law No. 100 that tend to be more complex and expensive than Law No. 80 cases. *Id.* at p. 11–12.

Rent–A–Center has invoked jurisdiction, but has not alleged facts "with sufficient particularity" to justify the conclusion that an award of attorney's fees would be higher than the 25% that Zayas–Carmona has requested. To be sure, it has alleged that "given the complexities in this case regarding the affirmative defenses that will be raised to establish just cause in the termination, the amount of time that [Zayas–Carmona] worked for [Rent–A–Center], the prospect of a lengthy discovery, depo-

sitions and dispositive motions involved, there is a reasonable probability that there could be an award of attorney's fees of an amount higher than that claimed in the complaint in the event Plaintiff were to prevail." *See* Docket No. 14 at p. 5.

Yet these allegations do not reach the degree of particularity needed to justify jurisdiction. They provide no specific indication as to why a case progression such as that described should be considered out of the ordinary in complexity or expense to sustain more than 15%–25% in fees when the case does not involve an action under Law No. 100. Under these circumstances, it is apparent the amount in controversy ($73,752.45) is less than the amount ($75,-000) required to sustain jurisdiction. Consequently, the Court REMANDS this case to the Fajardo Part of the Court of First Instance of Puerto Rico.

Judgment remanding the case to state court shall be entered accordingly.

**IT IS SO ORDERED.**