# United States Court of Appeals
## For the First Circuit

No. 22-1471

SANDI ANDERSEN, d/b/a Dharma Nutrition, LLC, d/b/a Dharma
Healing Center,

Plaintiff, Appellant,

v.

VAGARO, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary S. McElroy, U.S. District Judge]

Before

Kayatta, Lynch, and Gelpí,
Circuit Judges.

Megan Sheehan, with whom Sheehan & Associates was on brief,
for appellant.
Sally P. McDonald, with whom Cameron & Mittleman, LLP was on
brief, for appellee.

January 3, 2023

**GELPÍ**, **Circuit Judge**.    Plaintiff-Appellant Sandi Andersen ("Andersen") brought a complaint for contract claims against Vagaro, Inc. ("Vagaro") in federal district court based on diversity jurisdiction.  Vagaro filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1), arguing that Andersen insufficiently pled that her claims met the amount in controversy required by 28 U.S.C. § 1332(a).   After Andersen failed to provide further substantiation for her jurisdictional claim, the district court concurred with Vagaro and dismissed Andersen's complaint.  We affirm.

## I. Background

### A. Facts

As a preliminary matter, we presume the facts to be as alleged in the complaint, minus conclusory allegations, and supplemented by Vagaro's unchallenged proffer.  See Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)) (crediting "plaintiff's well-pled factual allegations and draw[ing] all reasonable inferences in the plaintiff's favor" when reviewing a FRCP 12(b)(1) motion).  Thus, the following constitute the facts before us.

Andersen owned and operated a holistic healing center, Dharma Nutrition, LLC, also known as Dharma Healing Center ("Dharma"), from 2009 to 2019.  Dharma offered wellness services

- 2 -

such as massage, reiki, and yoga. In December 2018, Andersen contracted with Vagaro for business management software capable of managing Dharma's database of client contact and billing information; booking appointments; and processing monthly membership fees, point-of-sale transactions, and employee payroll.

Per Andersen, Dharma's issues began in February 2019 after Vagaro, despite receiving instructions on which clients and services to import, migrated all of Dharma's data to its platform. Following the transfer, Dharma's clients were frequently double booked, unable to book services with their desired practitioner, or charged twice for services. Vagaro's inability to resolve those issues forced Andersen to give away free services on at least thirty occasions and caused her to lose clients and employees. Andersen also alleged that the Vagaro software erroneously cancelled hundreds of Dharma's monthly memberships. Citing the financial impact of losing the monthly memberships and "bad will" from the software issues, Andersen closed Dharma in July 2019.

### B. Procedural History

On July 7, 2021, Andersen filed a complaint against Vagaro in the United States District Court for the District of Rhode Island asserting diversity jurisdiction, 28 U.S.C. § 1332(a). She alleged that her claims -- breach of contract, breach of implied warranty, and breach of the duty of good faith and fair dealing -- exceeded the statutory amount-in-controversy

- 3 -

requirement and demanded $7,186,785 in damages.  Vagaro filed a motion to dismiss under FRCP 12(b)(1) for lack of subject matter jurisdiction,[1] asserting that Andersen's complaint failed to sufficiently establish that her claims met the amount-in-controversy requirement.  More specifically, Vagaro stated that the software at issue cost only "a few thousand dollars" and that because it is not obvious that Andersen sustained over $7 million in damages based on the claims asserted, she must provide additional factual support to establish jurisdiction.  Andersen stood pat, stating that the complaint provided sufficient facts showing that Vagaro's breach of contract significantly harmed Dharma by resulting in significant damages, including the loss of profits.  The district court granted Vagaro's motion to dismiss. This appeal followed.

## II. Discussion

We review a district court's dismissal for lack of subject matter jurisdiction de novo.  Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012).  A federal court has original jurisdiction over a civil state law claim when there is diversity of citizenship between the parties and "the matter in controversy

---

[1] Vagaro also moved to dismiss pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.  The district court did not reach this claim because it dismissed on jurisdictional grounds.  Because we affirm on the same basis, we do not address whether Andersen failed to state a claim.

exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). At issue here is the latter requirement that, put another way, demands that "more than $75,000 [is] at stake." Abdel-Aleem, 665 F.3d at 42.[2]

The party invoking diversity jurisdiction bears the burden of establishing that the amount-in-controversy requirement is satisfied. See Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004). The well-established test for deciding whether the amount requirement is met states: "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)); see 14AA Charles Alan Wright et al., Federal Practice and Procedure § 3702 (4th ed. 2011); Joseph W. Glannon, Examples & Explanations: Civil Procedure 96 (8th ed. 2018). While normally "a plaintiff's general allegation that the dispute exceeds the jurisdictional minimum is sufficient to support jurisdiction," when challenged, the plaintiff "has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Dep't of Recreation & Sports of P.R. v.

_____

[2] Vagaro did not challenge the parties' diversity.

- 5 -

World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991); see St. Paul Mercury Indemnity Co., 303 U.S. at 287 n.10 ("It is plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction . . . and, if appropriately challenged, . . . to support the allegation.").

To fend off a jurisdictional challenge, a plaintiff may amend the complaint or submit additional documentation, such as affidavits, medical reports, or interrogatories. See Abdel-Aleem, 665 F.3d at 42-43; McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936) (holding that a plaintiff, when challenged, must provide "competent proof" supporting jurisdictional claim). We have made clear that merely reiterating general descriptions of damages is insufficient, particularly when a plaintiff is put on notice of the complaint's deficiencies by a FRCP 12(b)(1) motion to dismiss. Abdel-Aleem, 665 F.3d at 42-43 (affirming dismissal where plaintiff proffered only "bald statements and round numbers" in response to a jurisdictional challenge); see Diefenthal v. Civ. Aeronautics Bd., 681 F.2d 1039, 1053 (5th Cir. 1982) (explaining that when the damage amount is challenged, the burden is on the plaintiff to establish the factual basis for the claim).

Here, Vagaro contested the sufficiency of Andersen's jurisdictional pleading and thus, the burden shifted back to her to present "with 'sufficient particularity' facts that in some way

- 6 -

support the contention that there is more than $75,000 at stake," Abdel-Aleem, 665 F.3d at 42 (quoting Dep't of Recreation & Sports of P.R., 942 F.2d at 88). Instead of proffering additional factual support for her claim, Andersen simply relied on the face of her complaint. In her response to Vagaro's motion to dismiss, she stated: "The Plaintiff has pled sufficient facts that the Defendant's breach of contract resulted in significant damages to the Plaintiff, including the loss of profits." Andersen's strategy of speaking in "general terms" and "offer[ing] no particulars" is exactly what we rejected in Abdel-Aleem. See id. at 43-45 (affirming dismissal where plaintiff, when challenged, failed to adequately substantiate jurisdictional claim).

Andersen attempts to distinguish the present case from Abdel-Aleem. Unfortunately, she misses the thrust of our holding. In Abdel-Aleem, the plaintiff brought an abuse of process claim alleging emotional distress and damage to his reputation, emotional tranquility, and privacy. The complaint, however, stated only that "the amount of [sic] controversy exceeds, exclusive of interest and costs, the amount of ($75,000), pursuant to 28 U.S.C. § 1332." Id. at 40. When challenged for failing to support his allegation that the amount in controversy was met, the plaintiff amended his complaint, added claims for intentional and negligent infliction of emotional distress, and claimed the amount at issue was "at least $1,000,000." Id. at 40-41. He further

alleged physical and emotional distress, loss of employment, and "thousands of dollars in legal fees." Id. at 41. Nevertheless, we still concluded that the plaintiff failed to satisfy the amount-in-controversy requirement because he offered no factual support for his jurisdictional claim. Id. at 43-45 (noting plaintiff continued to generally describe damages and provided no calculation of alleged lost wages or substantiation for his claim of legal fees).

At the outset, Andersen's demand for damages is not conclusive proof that "more than $75,000 [is] at stake." See id. at 42-43. While Andersen demanded $7,186,785 (a highly specific figure, unlike Abdel-Aleem's "at least $1,000,000" claim), claiming more than a "round number" does not alone satisfy the amount-in-controversy requirement. See id. at 43. As we explained in Abdel-Aleem, "giv[ing] due credit to the good faith claims of the plaintiff" does not require the court to blindly "accept[] every claim of damages at face value," id. (quoting Diefenthal, 681 F.2d at 1052), given the court's duty "to police the border of federal jurisdiction," id. at 45 (quoting Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001)).

Despite Abdel-Aleem's warning to provide substantiation for the amount claimed once challenged, 665 F.3d at 43, Andersen relied entirely on her complaint. Thus, from her complaint, we understand the factual basis for Andersen's jurisdictional claim

to be free services given away on at least thirty occasions; hundreds of cancelled monthly memberships; the loss of over 8,000 clients and two employees; and lost profits from Dharma's closure. While Andersen, in contrast to the plaintiff in Abdel-Aleem, provided facts to support her damage claim and not just "conclusory statements," id. at 45, she similarly failed to provide any numeric substantiation or evaluation establishing that her claims exceeded $75,000, let alone over $7 million. Andersen attached no monetary value to services given away or to monthly memberships, clients, and employees lost. Further, while Andersen claimed losses associated with Dharma's closure, she proffered nothing as to Dharma's profits or overall value other than calling the company "successful." Notably, Andersen admitted at oral argument that based on the face of the complaint, there were insufficient facts to reach the jurisdictional threshold of $75,000.

Andersen's silence is perplexing. She had possession of or easy access to records -- such as pricing of services and memberships, tax returns, and business receipts or records -- which might have substantiated her claim, but she did not use them. Given Andersen's admission and disinclination to support her claim when challenged, we cannot conclude on the record that Andersen met her burden of establishing the amount in controversy required for diversity jurisdiction.

### III. Conclusion

For the foregoing reasons, the district court's order of dismissal is **<u>affirmed</u>**.  Costs are awarded to Appellee, Vagaro.